IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,329-01






EX PARTE DOREATHA ELAINE ROSS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 28567-86 IN THE 86TH DISTRICT COURT


FROM KAUFMAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirteen years' imprisonment. She did not appeal her conviction.

 Applicant appears to claim that her plea was involuntary and that she was incompetent. The
trial court made findings of fact and conclusions of law and recommended that we deny her
application. The trial court found, among other things, that her claims could be resolved by the
record and that she had not alleged any constitutional or jurisdictional claim upon which relief could
be granted. We do not agree. Applicant has alleged facts that, if true, might entitle her to relief. 
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex.
Crim. App. 1999). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial counsel to respond and state whether he or she
investigated Applicant's mental health history, believed Applicant was competent, and explained the
charges, evidence, and admonishments to Applicant. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent her at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After reviewing counsel's response, the trial court shall make further findings of fact and
conclusions of law as to whether Applicant was competent. It shall also determine whether counsel's
conduct was deficient and, if so, Applicant would have insisted on a trial but for that deficient
conduct. Hill v. Lockhart, 474 U.S. 52 (1985). The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: May 15, 2013

Do not publish